THE LAW OFFICES OF DEVIN H. FOK
Devin H. Fok (SBN #256599)
P.O. Box 7165
Alhambra, CA 91802-7165
Phone: (310) 430-9933
Fax: (323) 563-3445
devin@devinfoklaw.com

A NEW WAY OF LIFE REENTRY PROJECT
Joshua E. Kim (SBN #257260)
958 E. 108th St.
Los Angeles, CA 90059
Phone: (323) 563-3575
Fax: (323) 563-3445
joshua@anewwayoflife.org

Attorneys for Plaintiff JOHN DOE
and the proposed Class
Additional attorneys on signature page

FILED 12 JUN 27 PM 3:15 CLERK U.S. DISTRICT COURT CENTRAL DISTRICT OF CALIF. LOS ANGELES BY: ___

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CV12-05607 DSF (Ex)

| | |
|---|---|
| JOHN DOE, individually and on behalf of the putative classes, <br><br> Plaintiff, <br><br> vs. <br><br> GEORGIA-PACIFIC, LLC, <br><br> Defendant. | Case No. <br><br> **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681** *et seq.* **AND THE CALIFORNIA BUSINESS & PROFESSIONS CODE, § 17200** *et seq.* <br><br> **JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiff JOHN DOE ("Plaintiff"), on behalf of himself and all similarly situated individuals, complains and alleges against Defendant GEORGIA-PACIFIC LLC ("Defendant" or "Georgia-Pacific") as follows:

## I. Preliminary Statement

1. This is a consumer class action based upon Defendant's willful violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA"), and the California Business and Professions Code §17200, *et seq.* which prohibits unlawful and unfair acts of competition, which include any "unlawful and unfair…business act or practice." Plaintiff brings this action on behalf of thousands of employment applicants in the State of California and throughout the country whose privacy has been invaded and who have been deprived of their right to obtain copies of background reports purchased by Defendant for employment purposes. Defendant has adopted and maintained a policy and practice of failing to comply with the law's requirement that consumers as to whom Defendant intends to take adverse action based on such reports be provided with a copy of the report.

2. The prejudice caused by the failure to provide reports is exacerbated by Defendant's imposition of a release hidden in fine print in its standard employment application forms pursuant to which Defendant improperly seeks to prospectively protect itself against its own wrongful acts, and which violates the FCRA's prohibition on inserting such language in employment application documents.

3. As a result, consumers who are entitled to receive copies of their consumer reports from Defendant pursuant to the FCRA are deprived of full disclosure, and unable to adequately verify and/or dispute the accuracy of the public record information that Defendant purchases and relies upon in taking adverse action against applicants.

## II. Jurisdiction and Venue

4. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331 and 1337.

5. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

1

CLASS ACTION COMPLAINT

### III. Parties

6. Plaintiff John Doe is an adult individual and citizen of the State of California who resides in Culver City, California 90230.

7. Defendant Georgia-Pacific is headquartered at 133 Peachtree Street, N.E. Atlanta, Georgia 30303. Defendant is wholly owned by Koch Industries, Inc., the second largest privately held company in the United States. Georgia-Pacific touts itself as "one of the world's leading manufacturers and marketers of tissue, packaging, paper, pulp, and building products and related chemicals. The company employs more than 40,000 people at approximately 300 locations in North America, South America and Europe." *See* http://www.gp.com/aboutus/index.html. Georgia-Pacific does business in the Central District of California.

### IV. Factual Allegations

A. **Defendant's Practices As A Purchaser and User Of Consumer Reports For Employment Purposes**

3. At all times pertinent hereto, Defendant Georgia-Pacific was a "person" using "consumer reports" to make "employment decisions" and take "adverse action" against "consumers" as those terms are defined by section 1681a of the FCRA.

8. At all times relevant hereto, Plaintiff was a "consumer" as that term is defined by section 1681a(c) of the FCRA.

9. The FCRA was enacted "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4) (emphasis added), by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate. 15 U.S.C. § 1681(b). One of the principal ways

2

Congress sought to ensure a "fair and equitable" dissemination and use of potentially damaging consumer information was by including in the statutory scheme a series of due-process-like protections intended to impose strict procedural rules on users of "consumer reports." This action involves Defendant's systematic violation of several of those important rules.

10. Ninety-two percent (92%) of all employers routinely obtain consumer reports on prospective and existing employees. Employers frequently rely on such information as a basis for adverse employment action, *e.g.*, denial of employment.[1]

11. Background check companies, which are "consumer reporting agencies" ("CRAs") within the meaning of the FCRA, provide consumer reports based on public record data compiled from various sources including state and federal criminal record repositories.

12. Georgia-Pacific purchases consumer reports from InfoMart, Inc. and, on information and belief, other CRAs as well, regarding job applicants and those reports are used as a basis, in whole or in part, for taking adverse action against said applicants.

13. When a consumer applies for a job, the FCRA requires an employer to make a clear and conspicuous disclosure to the applicant, in writing, that a consumer report may be obtained for employment purposes. 15 U.S.C. § 1681b(b)(2).

14. The disclosure must be contained in a stand-alone document consisting solely of the disclosure. 15 U.S.C. § 1681b(b)(2)(A)(i).

15. Additionally, the employer must, before taking any adverse action based in whole or in part on the report, provide to the job applicant a copy of the report. 15 U.S.C. § 1681b(b)(3)(A)(i).

---

[1] EEOC Enforcement Guidance, *Enforcement Guidance on the Consideration of Arrest and Conviction Records in Employment Decisions Under Title VII of the Civil Rights Act of 1964, as amended*, 42 U.S.C. §2000e et seq., (April 25, 2012), p. 6 (http://www.eeoc.gov/laws/guidance/upload/arrest_conviction.pdf, last viewed June 13, 2012).

16. All of the foregoing requirements are spelled out to Georgia-Pacific, and Georgia-Pacific is required to certify as to its understanding of the requirements, as a condition of procuring reports from InfoMart.

17. The National Association of Professional Background Screeners (NAPBS) is a non-profit trade association that serves the interest of companies that provide and use background screening. NAPBS' purpose is "to promote ethical business practices, promote compliance with the Fair Credit Reporting Act and Equal Employment Opportunity Laws and foster awareness of issues related to consumer protection and privacy rights within the background screening industry." *See* http://www.napbs.com/i4a/pages/index.cfm?pageid=3589.

18. NAPBS advises users of background consumer reports like Georgia-Pacific as follows:

> Before an employer takes any adverse action, it must provide the applicant or employee with a copy of the consumer report obtained from the CRA, and a summary of the consumer's rights under the Act. After providing these documents, the employer must wait before providing the actual notice of the adverse action. ...
> After the waiting period and upon taking the adverse action, the employer must provide to the applicant or employee the following notices: 1) notice of the adverse action taken; 2) the name, address, and toll-free number of the consumer reporting agency that furnished the consumer report; 3) a statement that the CRA did not make the decision to take adverse action and is unable to provide the consumer the specific reasons why the adverse action was taken; 4) notice of the consumer's right to obtain a free copy of the consumer report from the CRA within 60 days; and 5) notice of the consumer's right to dispute the accuracy or completeness of any information in the consumer report furnished by the CRA.

*See also* 15 U.S.C. § 1681m(a).

19. Georgia-Pacific does not provide a clear and conspicuous disclosure and authorization and does not obtain an adequate authorization from job applicants as required by section 1681b(b)(2) of the FCRA prior to obtaining these consumer reports for employment purposes.

20. Georgia-Pacific does not provide a clear and conspicuous disclosure that consists "solely of the disclosure that a consumer report may be obtained for employment purposes" but instead unlawfully attempts to obtain in advance a waiver of the consumer's rights under the FCRA and improperly provide prospective protection to Georgia-Pacific and InfoMart from any improper actions or omissions committed in the retrieval and use of the background information, in violation of section 1681b(b)(2)(A)(i).

21. Before taking adverse action based in whole or in part on the consumer reports that it purchases, Georgia-Pacific does not provide a copy of the consumer report to the consumer to whom the report relates, in violation of section 1681b(b)(3)(A)(i) of the FCRA.

22. Georgia-Pacific does not comply with the FCRA's requirements for providing adverse action notification to consumer job applicants before and after taking adverse action based in whole or in part on information contained in a consumer report.

23. Before procuring a consumer report from InfoMart, Georgia-Pacific was required to certify that it would comply with disclosure and adverse action requirements of the FCRA. In particular, Georgia-Pacific was notified as follows:

Adverse Action
If an employer INTENDS to take adverse action (i.e., denial of employment) based on any information in the consumer report or the investigative consumer report, they must first provide the consumer with:

- Notification of the company's intent
- A copy of the report
- A description, in writing, of the consumer's rights as prescribed by the Federal Trade Commission (FTC).

InfoMart will provide to the employer a summary of the consumer's rights as prescribed by the FTC.

Employer Requirements

Requirements on Users of Consumer Reports or Investigative Consumer Reports: If an employer TAKES adverse action based on any information in the report, they must:

- Notify the consumer of the adverse action (most often a decision not to offer employment). This notification can be orally, in writing or electronically delivered.
- Provide the name, address and toll-free telephone number of the consumer reporting agency (InfoMart).
- Provide a statement that the consumer reporting agency did not make the adverse decision and cannot provide the reason for the decision.
- Provide notice of the consumer's rights to obtain a free report within 60 days and to dispute the accuracy with the consumer reporting agency.

See http://www.infomart-usa.com/resources/fcra.asp. (Emphasis in original).

24. For these among other reasons, Defendant's violations of the FCRA have been willful, wanton and reckless in that Defendant knew, or reasonably should have known, that it was failing to comply with the requirements of the FCRA.

25. Defendant's practices not only violate the FCRA as a matter of law, they cause damage to consumer job applicants and interstate commerce. Consumers are prejudiced in their ability to adequately determine whether the information is being accurately reported. Pursuant to Defendant's practice of not providing job applicants with a copy of their consumer reports, by the time the consumer becomes aware of any erroneous reporting, it is too late to correct the information because Defendant has already made an adverse decision based on the erroneous information.

26. In addition, given the fact that Defendant does not obtain consent from consumer job applicants in the manner required by the FCRA, Defendant has no authorization to obtain any background information on such consumers, and invades their privacy by doing so.

CLASS ACTION COMPLAINT

### B. The Experience Of The Representative Plaintiff

27. On or about June 28, 2010, Plaintiff Doe applied for a position with Georgia-Pacific as a machine operator.

28. One of the form application documents filled out by Mr. Doe and dated June 28, 2010 was titled "APPLICANT'S *Disclosure & Consent* RELEASE OF INFORMATION." The form document authorized Georgia-Pacific to obtain a "'consumer report' and/or 'investigative consumer report'" concerning Plaintiff and included a section for California residents whereby the job applicant could check a box to request a copy of the consumer report being obtained by Georgia-Pacific. Mr. Doe placed a check mark in that box.

29. By email from the Human Resources office at Georgia-Pacific the same day, Mr. Doe was notified that he was hired. The email stated "Congratulations on your new position with Georgia Pacific."

30. On June 30, 2010, Plaintiff proceeded to complete and sign additional standardized form documents as requested by Georgia-Pacific, including a document titled "AUTHORIZATION AND RELEASE FOR THE PROCUREMENT OF A CONSUMER AND/OR INVESTIGATIVE CONSUMER REPORT."

31. This form document included, in small print in the middle of the last paragraph in a section titled "Consent Statement," the following sentence: "I do hereby agree to forever release and discharge this company, our agent InfoMart and their associates to the full extent permitted by law from any claims, damages, losses, liabilities, costs and expenses, or any other charge or complaint arising from the retrieving and reporting of information."

32. Another form document Mr. Doe was required to sign as a condition of applying for the job was entitled "Employment Application," which contained the following clause:

Waiver of Jury Trial and Class/Collective Actions

7

> I understand and agree that by signing and submitting this employment application for consideration, I am waiving my right to have a jury trial to resolve any lawsuit I may ever bring against Georgia-Pacific, its subsidiaries and affiliates (the "Company"). Any lawsuit that I might bring against the company will be tried to a judge without a jury. I also understand and agree that I am waiving my right to participate as a member in a class action lawsuit and/or act as a representative of a class of similarly situated individuals in any lawsuit against the Company. I understand that unless I waive these rights, the Company will not further consider my application for employment.

33. The clause was contained in a standardized employment application form, imposed and drafted by Georgia-Pacific, which had superior bargaining strength. By its very terms, the clause provided the job applicant only the opportunity to adhere to the application language, or reject it.

34. Mr. Doe was not aware of the waiver clause quoted above and was unable to negotiate, modify or seek a waiver of that term of the employment application.

35. The clause was harsh, one-sided and oppressive, depriving Plaintiff and other job applicants of constitutional and procedural rights not justified by the circumstances under which they were applying for employment.

36. The clause is both procedurally and substantively unconscionable, and should be declared unenforceable in this action.

37. By letter dated July 1, 2010, Georgia-Pacific notified Mr. Doe as follows:

Dear Mr. [redacted]:

While a final decision has not yet been made, we currently intend to reject your application for employment. This action was influenced by information in a consumer report made, at our request, by InfoMart at 1582 Terrell Mill Road, Marietta Georgia 30067. You may also contact InfoMart via their toll free number 800-800-3774.

InfoMart did not make this decision and can not provide the reason for it.

You may obtain a free copy of the report within 60 days, and you have the right to dispute the accuracy of the information with InfoMart.

38.     The July 1, 2010 letter did not include a copy of the consumer report as required by section 1681b(b)(3)(A)(i) of the FCRA.

39.     By email dated July 21, 2010, Georgia-Pacific notified Mr. Doe as follows:

> Dear [redacted],
>
> Thank you for your interest in employment at Georgia-Pacific and taking the time to take the skills test and interview with Georgia-Pacific. Unfortunately, we have found it necessary to reject your application for employment. Again, thank you for your interest, and good luck with your future endeavors.

40.     The July 21, 2010 email did not include a copy of the consumer report and did not include a description of the rights of the consumer. The email did not contain the information required by section 1681m(a) of the FCRA.

41.     At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## V.     Class Action Allegations

42.     Plaintiff brings this action individually and as a class action for Defendant's violations of sections 1681b(b)(2) and (3) of the FCRA, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Class:

> All employees or prospective employees of Georgia-Pacific who were the subject of a consumer report which was used by Georgia-Pacific to make employment decisions during the two (2) years prior to the filing of this action and through final judgment.

43.     Plaintiff also brings this action on behalf of a California Subclass defined as follows:

> All California resident employees or prospective employees of Georgia-Pacific who were the subject of a consumer report which was used by Georgia-Pacific to make employment decisions during the two (2) years prior to the filing of this action and through final judgment.