UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**\*\*CORRECTED\*\***
CIVIL MINUTES - GENERAL

| Case No. | CV 12 - 5607 PSG (JCFx) | Date | 9/26/2012 |
|---|---|---|---|
| Title | John Doe v. Georgia-Pacific, LLC | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):  Attorneys Present for Defendant(s):

Not Present  Not Present

**Proceedings:**   **(In Chambers): Order DENYING Plaintiff's motion to file under a pseudonym and DISMISSING Plaintiff's Complaint**

Before the Court is Plaintiff's Reply to Court Order to Show Cause as to why Plaintiff should be permitted to file his case under a pseudonym. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. Having considered Plaintiff's reply, the Court DENIES Plaintiff's request to file case using a pseudonym and DISMISSES complaint with leave to amend for Plaintiff to state his true name.

I.   Background

On June 27, 2012, Plaintiff, using the pseudonym "John Doe," filed a case against Defendant Georgia-Pacific, LLC ("Defendant") alleging violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.*, and the California Business and Professions Code, §§ 17200, *et seq*. Dkt. # 1. On July 3, 2012, the Court ordered Plaintiff to show cause as to why Plaintiff should be allowed to proceed in his action under a pseudonym. Dkt. # 8. On July 16, 2012, Plaintiff responded to the order, arguing that he should be permitted to file under a pseudonym in order to protect his criminal history and avoid adverse employment repercussions. Dkt. # 12.

II.   Discussion

Under Federal Rule of Civil Procedure 10(a), "[t]he title of [a] complaint must name all the parties." Fed. R. Civ. P. 10(a). However, a party may "proceed anonymously when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CORRECTED**
CIVIL MINUTES - GENERAL

| Case No. | CV 12 - 5607 PSG (JCFx) | Date | 9/26/2012 |
|---|---|---|---|
| Title | John Doe v. Georgia-Pacific, LLC | | |

The Ninth Circuit has identified three situations in which parties may proceed anonymously: "(1) when identification creates a risk of retaliatory physical or mental harm,…; (2) when anonymity is necessary 'to preserve privacy in a matter of a sensitive and highly personal nature,'…; and (3) when the anonymous party is 'compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution.'" *Advanced Textile Corp.*, 214 F.3d at 1068; *see also Dep't of Fair Emp't & Hous. v. Law Sch. Admission Council, Inc.*, No. C-12-1830 EMC, 2012 WL 3583023, at *2 (N.D. Cal. Aug. 20, 2012);1582;1582.

Plaintiff's argument that filing under his true name will negatively impact his future employment opportunities appears to fall within the first category, risk of retaliatory harm.[1] *See Law Sch. Admission Council*, 2012 WL 3583023, at *3 (holding that plaintiffs' fear of discrimination in the legal marketplace if forced to file under their true names amounted to a fear of future retaliation). To determine whether identification would create a risk of retaliatory harm, courts balance five factors: "(1) 'the severity of the threatened injury;' (2) 'the reasonableness of the anonymous party's fears;' (3) 'the anonymous party's vulnerability to retaliation;' (4) 'the prejudice at each state of the proceedings to the defendants;' and (5) 'the public interest.'" *Doe v. Coder*, No. C-10-4756 MMC, 2010 WL 4938282, at *1 (N.D. Cal. Nov. 20, 2010); *see also Doe v. Kamehameha Schs./Bernice Pauahi Bishop Estate,* 596 F.3d 1036, 1042 (9th Cir. 2010).

The Ninth Circuit has identified "[t]he first two factors [as] the 'most important,'" and, as such, "a party seeking to proceed anonymously 'must show both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.'" *Coder*, 2010 WL 4938282, at *1 (citing *Kamehameha Schs.,* 596 F.3d at 1043). These two factors "are intricately related and should be addressed together." *Kamehameha Schs.*, 596 F.3d 1036 at 1043.

The Court concludes that Plaintiff has not adequately shown that the retaliation he will face from filing his case under his true name will severely and reasonably harm him. A plaintiff arguing a threat of severe harm must show that the harm is more than merely speculative. *Coder*, 2010 WL 4938282, at *2 (holding that plaintiff's argument that filing under his true name would harm his reputation in the legal community in which he practiced was "entirely speculative" and that plaintiff had "not shown any threat of harm"); *Smith v. Patel*, No. CV 09-

---

[1] Plaintiff's argument does not fall within the second category, preserving privacy. Courts have granted anonymity based on privacy when necessary to protect a plaintiff from identifying with a socially stigmatizing condition, such as a mental illness or HIV-positive status. *See Law Sch. Admission Council*, 2012 WL 3583023, at *3. As such, the privacy exception does not protect Plaintiff from identifying with his criminal history.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**\*\*CORRECTED\*\***
**CIVIL MINUTES - GENERAL**

| Case No. | CV 12 - 5607 PSG (JCFx) | Date | 9/26/2012 |
|---|---|---|---|
| Title | John Doe v. Georgia-Pacific, LLC | | |

04947 DDP (CWx), 2009 WL 3046022, at *3 (C.D. Cal. Sept. 18, 2009) (holding that plaintiff did not demonstrate a risk of harm by relying on "vague generalizations about risks that all civil rights plaintiffs bear"). Plaintiff's arguments here are speculative. Plaintiff admits that he "personally has experienced numerous denials of employment based solely on his status as a person with a conviction history." *Plaintiff's Reply to Court Order* ("*Pl.'s Reply*") 6:24-25. While Plaintiff cites to studies that find that employers are less willing to hire people with conviction histories, he does not offer evidence indicating how filing his case under his true name will put him at any more of a disadvantage in finding employment than he is now. *Pl.'s Reply* 6:28-7:14.

Also, a fear of loss of employment does not constitute a severe harm warranting anonymity. *See Exotic Dancers v. Spearmint Rhino*, No. CV 08–4038 ABC (SSx), 2009 WL 250054, at *2 (C.D. Cal. Jan. 29, 2009) (holding that "threats of termination and blacklisting" against plaintiffs filing under their true names are not unusual circumstances meriting pseudonymity); *see also Li v. A Perfect Day Franchise, Inc.*, 270 F.R.D. 509, 516-517 (N.D. Cal. 2010) (holding that plaintiffs fear of termination did not constitute an "extraordinary harm" which would allow them to sue their employer anonymously). Here, while Plaintiff fears an inability to secure *future* employment, it is still only a fear of unemployment, which does not rise to the level of severe harm.

Nor is Plaintiff's fear of harm reasonable. In making a claim to file under a pseudonym, plaintiffs must show that their fear of severe harm is objectively reasonable. *E.E.O.C. v. ABM Indus., Inc.*, 249 F.R.D. 588, 594 (E.D. Cal. 2008). Here, Plaintiff admits that while some of his convictions have been expunged, he still maintains standing convictions. *Pl.'s Reply* 7:24-26. Plaintiff cites California statutes that "prohibit[] employers from obtaining his expunged records" and "prohibit[] background check companies from disclosing his old conviction records to employers." *Pl.'s Reply* 7:16-8:17. However, Plaintiff does not explain why employers would not be able to discover his convictions either by using his personal information, likely submitted in an employment application, to access Plaintiff's court records, or by directly asking Plaintiff about his conviction history. Therefore, Plaintiff's fear that filing under his name will reduce his future employment opportunities is not reasonable.

An analysis of the remaining *Kamehameha Schools* factors does not weigh in favor of allowing Plaintiff to file his case under a pseudonym. Plaintiff does not assert, nor do the facts indicate, that Plaintiff is particularly vulnerable to retaliation. At this stage of litigation, there is no indication of prejudice to the Defendant. And while Plaintiff expresses that the public has an interest in hearing his case on the merits, Plaintiff's arguments for severe and reasonable harm, the two most important issues in the *Kamehameha Schools* test, are too weak to bypass the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**\*\*CORRECTED\*\***
**CIVIL MINUTES - GENERAL**

| Case No. | CV 12 - 5607 PSG (JCFx) | Date | 9/26/2012 |
|---|---|---|---|
| Title | John Doe v. Georgia-Pacific, LLC | | |

"normal presumption in litigation…that parties must use their real names." *See Kamehameha Schs.*, 596 F.3d 1036 at 1043.

III.   Conclusion

   For the foregoing reasons, the Court DENIES Plaintiff's request to file his complaint using a pseudonym, and DISMISSES the complaint with leave to amend, specifically, for Plaintiff to state his true name. If Plaintiff chooses to file an amended complaint, he must do so not later than **October 5, 2012.**

**IT IS SO ORDERED.**

                                                                                      :  

                                        Initials of Deputy Clerk

cc: